Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered October 19, 2011, convicting defendant, after a jury trial, of menacing in the second degree, and sentencing him to a term of one year, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).
To the extent defendant challenges the sufficiency of the evidence as a matter of law, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturb *427 ing the jury’s credibility determinations, including its evaluation of the extent to which a videotape contradicted the victim’s testimony.
The court properly exercised its discretion in imposing reasonable limits on defendant’s cross-examination of the victim. Defendant received wide latitude to attack the victim’s credibility by inquiring about disputes directly involving him. The court did not deprive defendant of the right to present a defense by precluding questions about matters not directly involving the victim, which would have had little or no relevance and would have invited speculation (see Delaware v Van Arsdall, 475 US 673, 678-679 [1986]).
Defendant’s challenges to the prosecutor’s summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see e.g. People v Sunter, 57 AD3d 226, 227 [1st Dept 2008], lv denied 12 NY3d 762 [2009]).
We find that the sentence was not excessive. Concur — Friedman, J.E, Renwick, Manzanet-Daniels and Clark, JJ.